UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH ANDERSON, | Case No. 2:12-CV-1992 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| COLORADO CASUALTY INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendants Colorado Casualty Insurance Company's ("Colorado Casualty") and Liberty Mutual Group Inc.'s ("Liberty") motion to dismiss litigation for want of prosecution. (Doc. # 29). Plaintiff Joseph Anderson has filed a response (doc. # 30) and plaintiff filed a reply (doc. # 31).

I.  **Background**

The instant action arises from an automobile accident and an insurance coverage policy. (*See* doc. # 29). Defendants are plaintiff's automobile insurance carriers. (*See* doc. #1-1). Plaintiff alleges that, on or around August 7, 2010,[1] he suffered "severe, debilitating and permanent injuries, including, but not limited to, injuries to the cervical spine and neurological damage." (*Id.*).

---

[1] Plaintiff's complaint states in certain places that the accident occurred on August 7, 2010 and August 7, 2012. (*See* doc. # 1-1). Defendants' motion to dismiss states the accident occurred on or about August 7, 2010. (*See* doc. # 29). The court believes August 7, 2010 is the correct date based on other alleged dates in the parties' filings and pleadings.

**James C. Mahan**
**U.S. District Judge**

Plaintiff alleges that he has an uninsured/underinsured motorist coverage policy through defendants Colorado Casualty and Liberty.[2] According to plaintiff, he reported his claim to defendants and their claim handlers denied and/or failed to appropriately handle his insurance claim. (*Id.*).

Plaintiff filed his complaint on October 11, 2012 in the Eighth Judicial District Court, Clark County, Nevada, alleging three causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) breach of the Unfair Claims Practices Act under Nev. Rev. Stat. 686A.310. (*Id.*). Defendant Colorado Casualty removed this action to federal court on November 16, 2012. (Doc. # 1).

Defendants filed a motion to compel discovery on June 6, 2013. (Doc. # 15). Any response opposing the motion was due by June 23, 2013. *See* Local Rule 7-2(b); *see also* doc. # 15 (setting plaintiff's response in opposition deadline for June 23, 2013). Plaintiff either failed to file a response or opted not to file a response. On June 28, 2013, the court granted defendants' motion to compel discovery and ordered plaintiff to (1) provide responses to outstanding discovery requests identified in the motion to compel discovery; (2) execute the authorization to disclose health information form; and (3) provide dates of availability for the treatment providers identified in the motion to compel discovery to appear for deposition. (*See* doc. # 15). The court ordered plaintiff to comply with its order within 14 days. (*See id.*).

On October 17, 2013, defendants filed a motion for partial summary judgment on plaintiff's second and third claims for relief. (Doc. # 23). Plaintiff did not file a response in opposition. The court found no genuine issue of material fact and granted defendants' motion on March 14, 2014. (Doc. # 28). Plaintiff's only remaining claim is for alleged breach of contract.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action based on a party's failure to prosecute. Fed. R. Civ. P. 41(b). Federal trial courts have the power to dismiss a plaintiff's action with prejudice because of the plaintiff's failure to prosecute. *Link v. Wabash*

---

[2] This court noted in its March 14, 2014 order (doc. # 28) that it appears plaintiff's claim was handled by defendant Colorado Casualty and that defendant Liberty is not a proper party. (*See* doc. # 28, n. 1).

**James C. Mahan**
**U.S. District Judge**

*R. Co.,* 370 U.S. 626, 629–32 (1962) (affirming dismissal for failure to prosecute based on attorney's unexcused failure to attend pretrial conference and other delays); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 630–31. Although dismissal is a harsh penalty, it is appropriate when a plaintiff fails to prosecute with "reasonable diligence," even in the absence of a showing of actual prejudice to the defendants due to the failure. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976).

Policy favors deciding cases on the merits, but it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Moreover, there is no requirement that the court warn the dilatory party that dismissal is possible if the dilatory tactics continue "when dismissal follows a noticed motion under Rule 41(b)." *Nealy v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279–81 (9th Cir. 1980).

A dismissal under Rule 41(b) "must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).

**III.   Discussion**

Defendants assert that plaintiff has lost desire, interest and/or ability to prosecute this case. (*See* doc. # 29). As support, defendants point to a number of occurrences, which the court briefly summarizes. Plaintiff did file a response to the instant motion to dismiss. (Doc. # 30). Plaintiff's response is short, with his argument just barely exceeding one page. (*See id.*). Plaintiff asserts, however, that he has diligently prosecuted his claims in this case based on his

**James C. Mahan
U.S. District Judge**

- 3 -

litigation strategy, and at a minimum, has prosecuted his claims with reasonable diligence. (*See* doc. # 30).

First, defendants point to plaintiff's minimal and erratic participation in the prosecution process, including a stretch of inactivity exceeding one-year where plaintiff 1) did not file anything with the court, including responses to multiple motions by defendants, and 2) did not initiate any contact with defendants' counsel regarding the instant matter.[3] (*See* doc. # 29). For example, on October 17, 2013, defendants filed a motion for partial summary judgment (doc. # 23) seeking summary judgment on two of plaintiff's three claims. Plaintiff did not file any opposition to the motion. The court granted the motion on March 14, 2014. (Doc. # 28).

Though plaintiff does not specifically address the length of his silence and lack of communication with defendants' counsel, plaintiff asserts that his decision to not respond to defendants' motion for partial summary judgment (doc. # 23) was strategic; a decision meant to streamline his claims into a single claim for breach of contract against defendants. (*See* doc. # 30).

Second, defendants point to the fact that this court had to order plaintiff to provide responses to written discovery. Defendants allege that plaintiff has never provided affirmative disclosures of documents and merely references documents "previously provided" in plaintiff's initial disclosure of documents and witnesses. (*See* doc. # 29-2). On June 6, 2013, defendants filed a motion to compel discovery. (Doc. # 15). Plaintiff did not file any opposition to the motion. On June 28, 2013, the court granted defendants' motion to compel and ordered plaintiff to provide responses within fourteen days of the order. (Doc. # 17).

Plaintiff does not address this argument in his response. The court notes that plaintiff appears to have turned over documents in accordance with the court's order. Defendants allege,

---

[3] Aside from plaintiff's response to the instant motion to dismiss on October 9, 2014, the most recent action by plaintiff on this court's docket was a notice of deposition (and series of amended notices) on September 3, 2013, which was discovery that plaintiff's attorney erroneously filed with this court. (Docs. ## 19-23). Defendants note that on the morning of that deposition, plaintiff's attorney cancelled the deposition because an emergency had come up. (*See* doc. # 29-7).

**James C. Mahan**
**U.S. District Judge**

- 4 -

however, that plaintiff provided no new or meaningful information, and failed to produce or identify any documents plaintiff relied upon to support his claims. (*See* doc. # 29-3).

Third, defendants offer that, while defendant Colorado Casualty elicited deposition testimony more than one year ago, plaintiff has not taken any depositions in this action. (Doc. # 29).

In response, plaintiff asserts that he has strategically chosen to not take any depositions. (*See id.*). According to plaintiff, since the commencement of this action he "has believed that no depositions were required insasmuch as all of his treating physicians have been, and are ready to testify at the time of trial." (*See id.*). Further, plaintiff compares his decision to strategically not take depositions as similar to defendants' strategic decision to only take depositions of plaintiff, Michael E. Seiff, M.D.—who plaintiff says was not even one of his treating physicians—and Adam DiOrio, D.C., when according to plaintiff there were twelve other treating physicians disclosed and identified by plaintiff during the course of this litigation. (*See id.*).

Finally, defendants assert that plaintiff failed to file a joint pretrial order, which was required to be filed with the court no later than April 14, 2014 – 30 days after the court had decided defendants' motion for summary judgment. *See* LR 26-1(5).

Plaintiff does not address this argument in his response. After submitting his response to the instant motion, however, plaintiff's counsel emailed defendants' counsel to say he would send a proposed pretrial order to defendants by 5:00 p.m. October 10, 2014. (*See* doc. # 31-1). Despite this representation, plaintiff did not do so. As of October 17, 2014, defendant had still not received a proposed order from plaintiff, and neither party has filed a proposed order with the court.

Defendants argue that, even if the plaintiff had forwarded the proposed pretrial order on October 10, 2014, the proposed order would not have cured the issue of plaintiff's lack of prosecution. (*See* doc. # 31). Defendants also note that, if plaintiff had submitted the proposed order on October 10, 2014, it would have still been more than one year since plaintiff's last communication with defendants' counsel; one year, eight months, and twenty-three days since

**James C. Mahan**
**U.S. District Judge**

- 5 -

defendants deposed plaintiff; and one year, one month since defendants deposed plaintiff's neurologist. (*See id.*).

Plaintiff, with no analysis or explanation, cites *Anderson v. Air West, Inc.*, 542 F.2d 522 (9th Cir. 1976), to support his assertion that he has "*at a minimum* . . . prosecuted his claims with reasonable diligence." (Doc. # 30) (emphasis original). In *Air West*, the Ninth Circuit affirmed the district court's finding that the plaintiff failed to prosecute with reasonable diligence where the plaintiff did not file anything with the court for two separate periods totaling more than nine months, and offered no reason for a one-year delay in service of process on defendants. *Id.* at 524-25.

Here, as noted by defendants in their response, *Air West* in fact supports defendants' assertion that plaintiff has failed to prosecute. First, the time elapsed between filings in the instant case is significantly longer than in *Air West*. While the plaintiff in *Air West* had two separate stretches of inactivity totaling approximately nine and one-half months, the instant plaintiff failed to take action for an uninterrupted stretch of one year and eight days – two and one-half months longer than the total cumulative time of the plaintiff in *Air West*.

Second, during plaintiff's year-long span of inactivity, plaintiff failed to respond to defendants' case dispositive motion for summary judgment. Plaintiff cloaks his incompetence by trying to call it a "strategy." Unfortunately for his client, plaintiff's "strategy" is simply to not perform his duties.

Plaintiff feebly attempts to excuse his incompetence and laziness by filing a "response" to the instant motion. As noted previously, plaintiff's sorry excuse for a response includes barely one page of argument, with the only citation to *Air West*, a case which supports defendants' arguments. Therefore, the court finds that plaintiff has unreasonably delayed this action.

Weighing the factors set forth in *Omstead v. Dell, Inc.*, 594 F.3d 1081 (9th Cir. 2010), the court further finds that Rule 41(b) dismissal is warranted. The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal. The third factor – risk of prejudice to the defendants – is shown in the record before the court, which indicates the defendants have been hampered from proceeding with

discovery and performing necessary activities in order to proceed to trial, such as finalizing a pretrial order.   The fourth factor recognizing the public policy favoring disposition of cases on their merits always weighs against dismissal.  Finally, the court finds the availability of less drastic sanctions is not available here, where the plaintiff shows no interest in litigating the case and attempts to hide behind an excuse of strategy for his clear and apparent failure to perform basic duties of his job.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss litigation for want of prosecution (doc. # 29) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the case is hereby DISMISSED.  The clerk is ordered to close the case.

DATED December 23, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**